UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MARIO ESPINOSA JR.,
    Plaintiff,

V.

1) JAVIER SALAZAR, in his
   Official Capacity as Bexar
   County Sheriff,

2) OFFICER X, in his
   Individual Capacity as
   Bexar County Sheriff's
   Deputy,
           Defendants.

§
§
§
§
§
§
§
§
§
§
§

20-1195

## PLAINTIFF'S COMPLAINT

1. The Plaintiff, Mario Espinosa Jr., (hereinafter "Espinosa"), prays this Court for declaratory relief for its Complaint against the Defendants, Javier Salazar (hereinafter "Salazar") in his official capacity as Sheriff of Bexar County and an unknown Deputy of the Bexar County Sherriff's Office (hereinafter "Officer X") in his individual capacity, alleges as follows:

### I.   NATURE OF THE ACTION

2. This is a 42 U.S.C. §§ 1983 and 1988 action seeking declaratory relief against Defendants Salazar and Officer X, for the unprovoked shooting of Espinosa which violates the Fourth and Fourteenth Amendments of the United States Constitution; and the Bexar County Sheriff's Office knew of Officer X's propensity towards violent confrontation and did not remove him from active duty; did not attempt to retrain Officer X after discovering his propensity toward violence; did not maintain proper oversight considering the potential for engaging in violent confrontation with United States citizens, and as such adopted or condoned the practices of Officer X.  28 U.S.C. §§ 2201 and 2202.

2

3. Espinosa seeks declaratory relief against Defendants Salazar and Officer X, for Texas common law intentional torts of assault, battery, and infliction of emotional distress resulting from the unprovoked shooting of Espinosa.

4. Espinosa seeks compensatory damages, past and future pain and suffering, mental anguish, and exemplary damages against Officer X in his individual capacity for the unprovoked shooting of Espinosa.

5. Espinosa seeks compensatory damages, past and future pain and suffering, and mental anguish against Defendant Salazar for Officer X's unprovoked shooting of Espinosa; and/or Salazar's failure to remove Officer X from active duty.

## THE PARTIES

### A. The Plaintiff

Mario Espinosa Jr.
1110 Birdie Cove
San Antonio, TX 78221
(210) 409-2308

### B. The Defendants

**Defendant No. 1**

3

Javier Salazar
200 N. Comal St.
San Antonio, TX 78207
(210) 335-6000

**Defendant No. 2**

Officer X

## II.   JURISDICITON AND VENUE

6. This Court has subject matter jurisdiction over this action for declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure.

7. An actual justiciable controversy between Espinosa, Salazar, and Officer X exists within the meaning of 42 U.S.C. §§ 1983 and 1988 whether Officer X violated the Fourth Amendment's restraint against the use of excessive force. *Tennessee v. Garner*, 471 U.S. 1, 11 (1985).

8. An actual justiciable controversy between Espinosa, Salazar, and Officer X exists within the meaning of 42 U.S.C. §§ 1983 & 1988 and 28 U.S.C. § 2201 regarding whether Officer X's practice of violent confrontations with United States citizens was known by Bexar County Sheriff's Office creating a reasonable presumption that Officer X would repeat violent behavior; and Salazar, as Sheriff in his official capacity, failed

4

to restrain the known practices of Officer X. *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978).

8. This Court has subject matter jurisdiction over the federal questions raised under the violation of his constitutional rights pursuant to 28 U.S.C. § 1331.

9. This Court has subject matter jurisdiction over Texas law questions "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution" pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that agency heads must be brought in the district where they reside in their official capacity.

11. This Complaint and Petition for Relief are filed under the Federal Rules of Civil Procedure.

### III.   DECLARATORY JUDGMENT

Pursuant to 28 U.S.C. §§ 2201, 2202, and Rule 57 of the Federal Rules of Civil Procedure:

12. Espinosa prays this Court to find that Officer X violated his

constitutional right to be free from unreasonable seizures in the enforcing of a valid warrant for his arrest by firing a single bullet into the engine of the truck before Espinosa could effectively respond to Officer X's command to turn off the engine of the truck. U.S. CONST. Amends. 4th & 14th.

13.   Espinosa prays this Court to find that Officer X violated his constitutional right to be free from unreasonable seizures in the enforcing of a valid warrant by creating his own exigency by firing his service weapon into Espinosa's truck engine, which escalated a routine stop and arrest into a violent confrontation resulting in Officer X's intentional, reckless, or grossly negligent decision to shoot Espinosa nearly missing his heart, even though Espinosa was unarmed;   Espinosa's truck was inoperable; Espinosa's criminal history did not support the presumption that he would be violent; Officer X had command of the stop;   Officer X could safely retreat; Espinosa never moved toward Officer X; and Espinosa did  not make any aggressive or threatening statements or actions toward Officer X. U.S. CONST. Amends. 4th & 14th; *Tennessee v. Garner*, 471 U.S. 1, 11 (1985); *see Mullenix v. Luna*, 577 U.S. 7 (2015).

14. Espinosa prays this Court to find that Officer X violated his

constitutional right to be free from unreasonable seizures while enforcing a valid warrant, when Officer X's intentional, reckless, or grossly negligent decision to shoot Espinosa nearly missed his heart, even though Espinosa was unarmed;   Espinosa's truck was inoperable; Espinosa's criminal history did not support the presumption that he would be violent; Officer X had command of the stop;  Officer X could safely retreat; Espinosa never moved toward the officer and Espinosa did not make any aggressive or threatening statements or actions toward Officer X.  U.S. CONST. Amends. 4th & 14th; *Tennessee v. Garner*, 471 U.S. 1, 11 (1985); *see Mullenix v. Luna*, 577 U.S. 7 (2015).

15.   Espinosa prays this Court to find that Officer X violated his constitutional right to be free from unreasonable seizures while enforcing a valid warrant, when Officer X removed Espinosa's hands from putting pressure on his gunshot wound and placed him in handcuffs, thereby frustrating his own efforts to preserve his own life.[1]

16. Espinosa prays this Court to find that Officer X intentionally,

---

[1] It is worthy of noting, that only Officer Y assisted Espinosa with his life-threatening injuries while waiting for the ambulance to arrive.  Officer X did not provide any physical first aid assistance to Espinosa after he was shot.

willfully, or recklessly assaulted Espinosa in violation of Texas common law.

17. Espinosa prays this Court to find that Officer X intentionally, willfully, or recklessly battered Espinosa in violation of Texas common law.

18. Espinosa prays this Court to find that Officer X intentionally, willfully, or recklessly inflicted emotional distress in violation of Texas common law.

19. Espinosa prays this Court to find that Defendant Salazar, in his official capacity as Sherriff of Bexar County, knew of Officer X's propensity towards violence and did not remove him from active duty; did not attempt to retrain Officer X after discovering his propensity toward violence; did not maintain proper oversight of Officer X considering the potential for engaging in violent confrontation with United States citizens, and as such adopted or condoned the practices of Officer X. *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978).

## Facts

20. The complaint is based on the following grounds:

i.)    On December 5, 2018, Espinosa knew the transmission to his

8

girlfriend's truck had linkage that was slipping when shifting between gears.  Espinosa called Tony, a friend who occasionally assisted Espinosa as a mechanic, to help fix his transmission. Tony told Espinosa that he knew of a place that sold transmissions. Espinosa left about 10 a.m. that morning to pick up Tony and to visit Tony's friend who had a bunch of junk cars from which he could purchase the transmission.  Espinosa bought two transmissions, loaded them in the back of the truck, and left.  Espinosa turned on to Rockport Road as he left the property where he purchased the transmissions. The speed limit on Rockport Road was 35 miles per hour.[2]

ii.) Officer X, a Bexar County Sheriff's Deputy, was parked on Rockport Road.  Espinosa slowed down as he passed Officer X. Espinosa observed Officer X's patrol vehicle pull behind him on to Rockport Road.  Officer X engaged his lights and pulled Espinosa over.

---

[2] Espinosa admits that he was driving 45 miles per hour, ten miles per hour over the posted speed limit on Rockport Road.

iii.) Tony recognized and identified Officer X as a Sheriff's Deputy that
patrols the area.

iv.) Officer X exited his vehicle and approached Espinosa's truck.
Officer X asked for Espinosa's license and registration. Espinosa
handed Officer X his Texas Identification Card and insurance.
Officer X returned to his patrol car and ran Espinosa's Texas
Identification Card. Espinosa had a felony warrant for possession
of a controlled substance and a misdemeanor warrant for driving
without a license. Officer X returned with his gun drawn; informed
Espinosa that he was under arrest due to the outstanding warrants;
and ordered Espinosa to turn the truck off. As stated earlier,
Espinosa's truck had issues with the transmission slipping between
gears. Espinosa attempted to put the truck in park and let go of the
brake. Because the truck's transmission slipped, the truck rolled
forward. Officer X verbally warned Espinosa that he would shoot
Espinosa.

v.) Espinosa was trying to comply with Officer X's commands. He
continued to try and place the truck in park with the engine running

and was explaining to Officer X that the transmission was giving him problems. Officer X backed away from the driver's side door and fired one shot into the engine of Espinosa's truck. Espinosa turned off the truck while the engine was still in drive. Officer X commanded him to get out of the car and on the ground. Espinosa got out of the truck. Officer X commanded Tony to get out of the vehicle. Tony got out of the truck. Officer X commanded Tony to lay on the ground. Tony laid on the ground. Espinosa backed away from Officer X with his hands in the air. Fearing for his life, he moved to the back of the vehicle. Officer X was angry; screamed racial epithets simultaneously with commands to get down and threats that Officer X will shoot Espinosa. Officer X followed Espinosa with his gun drawn pointed at Espinosa's face. Officer X continued to tell Espinosa to get on the ground, but Espinosa was terrified and feared for his life. Espinosa backed away from Officer X to the passenger side of the vehicle. The passenger door was open. Espinosa entered the passenger side of the truck in order to protect himself. Officer X shot Espinosa underneath the left arm and the bullet exited out the right ribcage.

11

vi.) The impact of the point blank shot threw Espinosa from the passenger seat out the driver side door. While laying on Rockport Road with blood gushing out of his body, Espinosa attempted to put pressure on the badly bleeding exit wound. Officer X pulled Espinosa's hands behind his back and placed Espinosa in handcuffs frustrating Espinosa's own efforts to preserve his life. Officer Y arrived and put pressure on the wound. Espinosa waited for the ambulance, and gave Officer Y what he believed to be his last words.

vii.) Espinosa awoke in Brooke Army Medical Center after surgery and a week later began to ambulate. Once he was able to ambulate, Espinosa was taken to Bexar County Adult Detention Center. Espinosa remained in booking for two and half days. His medication was taken. Espinosa never received the medication again. After booking, Espinosa was admitted to the infirmary where he spent a week before posting bond.

viii.) Because of the gunshot wound, Espinosa's intestine and diaphragm remain damaged; and he is in continual discomfort. Espinosa is currently awaiting surgery in Texas Department of Criminal Justice

custody.   Espinosa still suffers physical pain from the injuries associated with the gunshot wound, mental anguish, and often wonders if his body will ever heal properly.

## IV.   LEGAL CLAIMS

### A. Excessive Use of Force

21.   Officer X violated Espinosa's Fourth Amendment protection to be free from unreasonable seizures when he shot Espinosa while enforcing a valid warrant.   Since *Tennessee v. Garner*, the use of deadly force is permitted only to protect the life of the shooting officer or others.   "Where the suspect poses no immediate threat to the officer and no threat to others, the harm resulting from failing to apprehend him does not justify the use of deadly force to do so."   *Garner*, 471 U.S. at 11; *see Baker v. Putnal*, 75 F.3d 190, 198 (5th Cir. 1997)(finding that the chaos at the beach and mere motion of a suspected gunman "are not compelling reasons to find that [the officer's] use of force was not excessive as a matter of law.").   In this connection:

a.)   Espinosa was denied his constitutional right to be free from unreasonable seizures when Officer X fired a single shot into his truck engine only moments after commanding Espinosa to exit the vehicle.   U.S. CONST. Amends. 4th & 14th.

b.)   Espinosa was denied his right to be free from unreasonable seizures, when Officer X fired a kill shot at point blank range even though: (1) Espinosa had only committed a traffic violation; (2) Espinosa was not engaged in criminal activity that amounted to a felony; (3) Espinosa was unarmed;   (4) Espinosa's truck was inoperable; (5) Espinosa's criminal history did not support the presumption that he would be violent; (6) Officer X had command of the stop and was the only one present with a firearm; (7) Officer X could safely retreat; (8) Espinosa never moved toward the officer; (9) Espinosa was not a threat to himself or others; and (10) Espinosa did not make any aggressive or threatening statements or actions toward Officer X. U.S. CONST. Amends. 4th & 14th.

c.)   Espinosa was denied his right to be free from unreasonable seizures, when Officer X removed Espinosa's hands from putting pressure on his gunshot wound and placed him in handcuffs, thereby frustrating his own efforts to preserve his own life.   Officer X did not attempt to provide first aid to Espinosa.  U.S. CONST. Amends. 4th & 14th.

22.   The Bexar County Sheriff's Office is responsible for the hiring, training, continued education, maintaining records of conduct that fails to

14

meet the standards of the Bexar County Sheriff's Office, recommending appropriate disciplinary actions, and firing its employees.  The procedures and policies adopted by Defendant Salazar and the Bexar County Sheriff's Office failed to protect Espinosa from Officer X's use of deadly force while enforcing a valid warrant in violation his constitutional right to be free of unreasonable seizures.  U.S. CONST. Amends. 4th & 14th.   Salazar, as Bexar County Sheriff in his official capacity, failed to restrain the known practices of Officer X.   This failure is the proximate cause of his constitutional violations, physical injuries, and damages.   *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978).  In this connection:

a.) Salazar and the Bexar County Sheriff's Office knew Officer X had a history of violent confrontations with United States citizens creating a reasonable presumption that Officer X would repeat the known violent behavior.

b.) Salazar and the Bexar County Sheriff's Office knew about Officer X's propensity towards violence and did not remove him from active duty; did not attempt to retrain Officer X after discovering his propensity toward violence; did not maintain proper oversight of Officer X considering the

potential for engaging in violent confrontation with United States citizens; and as such, adopted or condoned the practices of Officer X.

### B. TEXAS COMMON LAW INTENTIONAL TORTS

23. Officer X intentionally, willfully, or recklessly assaulted Espinosa. Officer X fired his service weapon into the truck; threatened to shoot Espinosa if he did not lay on the ground; and then followed Espinosa with his service weapon pointed at Espinosa's face as Espinosa backed away in fear of his life.

24. Officer X intentionally, willfully, or recklessly battered Espinosa when Officer X shot Espinosa who was unarmed in the chest.

25. Officer X intentionally inflicted emotional distress on Espinosa by first firing into the engine of the truck, thereby creating his own exigency by which he could pursue Espinosa with a drawn service revolver; scream racial epithets, commands, and threats that he would shoot Espinosa; shot an unarmed and terrified Espinosa; removed Espinosa's hands from his gunshot wound; and failed to render immediate first aid.[3]

### V.   RELIEF REQUESTED

---

[3] Espinosa does not contend at this point that Officer X did not call for the ambulance that rushed Espinosa to the hospital.

31. Espinosa requests a declaratory judgment that Salazar, in his official capacity as Bexar County Sheriff, and the Bexar County Sheriff's Office failed to create procedures and policies that effectively identify violent, prejudiced, or incompetent officers in such away that protect the general public and United States citizens from unconstitutional deprivations and improper use of deadly force, and this failure was the proximate cause of Espinosa's injuries and damages in violation of the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

32. Espinosa requests a declaratory judgement that Salazar, in his official capacity as Bexar County Sheriff, and the Bexar County Sheriff's Office failed to restrain the known unconstitutional and violent practices of Officer X and failed to protect Espinosa and Bexar County residents and non-residents from the same unconstitutional practices which resulted in the use of deadly force against Espinosa in violation of the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

33. Espinosa requests a declaratory judgment against Salazar and

Officer X for violating Espinosa's constitutional right to be free of unreasonable searches in violation of the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

34. Espinosa requests a declaratory judgment against Officer X for assaulting Espinosa against the laws of Texas.

35. Espinosa requests a declaratory judgment against Officer X for battering Espinosa against the laws of Texas.

36. Espinosa requests a declaratory judgment against Officer X for intentionally inflicting emotional distress on Espinosa against the laws of Texas.

37. As a proximate result of Defendants Salazar's omission and Officer X's conduct, Espinosa suffered and suffers one or more of the following elements of damages:

   a.) Reasonable and necessary medical expenses in the past;

   b.) Reasonable and necessary medical expenses which, in reasonable probability, he will suffer in the future;

   c.) Physical pain and mental anguish in the past;

   d.) Physical pain and mental anguish which, in reasonable

probability, he will suffer in the future;

e.) Physical impairment in the past;

f.) Physical impairment which, in reasonable probability, he will

suffer in the future;

g.) Past lost earnings; and

h.) Future lost earning capacity.

Espinosa's damages are within the jurisdictional limits of the Court. At this time and only to comply with Texas's jurisdictional limitations on torts, Espinosa seeks monetary relief of over $200,000 but not more than $500,000. Espinosa reserves the right to request from the jury such amount as it determines to be fair and reasonable under the circumstances in the case.

38. If Espinosa proves by clear and convincing evidence that his injuries and damages resulted from malice or gross negligence, Defendant Officer X, in his individual capacity, is liable to Espinosa for Punitive or Exemplary Damages. TEX. CIV. PRACTICES & REMEDIES CODE § 41.003.

39. Espinosa requests court costs and reasonable attorney fees in the vindication of this claim in adherence with the spirit of 42 U.S.C. §§ 1983 &

1988 and any other relief, equitable or otherwise, within the Court's power.

40. This Complaint contains exhibits and declarations to support the aforementioned pleadings for Declaratory Relief.

WHEREFORE, Mario Espinosa Jr. prays that this Court find the conduct and actions of Officer X resulted in the unreasonable use of deadly force in the execution of a valid warrant in light of the facts known to Officer X at the time of the traffic stop in violation of the Fourth and Fourteenth Amendment of the United States Constitution.  Espinosa prays this Court to find that Officer X was on notice that the use of deadly force on an unarmed person who was not attempting to flee or engage violently with Officer X was clearly established on December 5, 2018.  Finally, Espinosa prays this Court to find that Defendant Salazar failed to create procedures and policies that effectively identify violent, prejudiced, or incompetent officers in such a way that protect the general public and United States citizens; and/or failed to restrain the known unconstitutional and violent practices of Officer X which resulted in the unconstitutional use of deadly force on an unarmed United States citizen.

Respectfully submitted,

ANGELA J. MOORE
Bar #14320110
Attorney at Law
EUGENE D. MOORE III
Bar #24096687
Pro Hac Vice
316 Martinez St.
San Antonio, TX 78205
(361) 389-3329
(210) 800-9802

## **CERTIFICATE OF**
## **SERVICE**

I, the undersigned herby certify that on 4th day of December 2020 a true and correct copy of the foregoing Amended Complaint with attachments was forwarded to the following Defendants by serving that on the 8th day of December, 2020, I will deliver by U.S. Postal Service, or Certified mail at the below stated addresses:

Javier Salazar, Bexar County Sheriff; 200 N. Comal St.; San Antonio, TX 78207.

ANGELA J. MOORE
Bar #14320110
Attorney at Law
EUGENE D. MOORE III
Bar #24096687
Pro Hac Vice
316 Martinez St.
San Antonio, TX 78205
(361) 389-3329
(210) 800-9802

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

MARIO ESPINOSA JR.,       )
      **Plaintiff**       )
             )
VS.       )       20-1195
             )
             )
JAVIER SALAZAR, ET AL,       )
      **Defendants**

---

## ORDER

On this the _____ day of _____, 2020, came on to be considered Petitioner's DECLARATORY JUDGMENT and said Motion is hereby

      GRANTED      DENIED.

                    _____

                       JUDGE PRESIDING

23